**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS - 6

CIVIL MINUTES -- GENERAL

Case No.  EDCV 11-01235 VAP (SPx)                    Date:  October 6, 2011

Title:   RANDY ALLEN, et al. -v- CITY OF YUCAIPA et al.
================================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

   On July 21, 2011, Plaintiffs People of the State of California, and City of Yucaipa ("Plaintiffs") filed a complaint ("Complaint") against Defendants Randy Allen and Sherry Allen ("Defendants") in the Superior Court of California, County of San Bernardino, for public nuisance resulting from violations of the Yucaipa municipal code, development code, and the California Building Code.  (Request for Judicial Notice (Doc. No. 10), Ex. 1.)[1]  On August 3, 2011, Defendants removed the action

---

   [1] As Defendants failed to provide all documents filed in the Superior Court, including a copy of Plaintiffs' Complaint, the Court takes judicial notice of Plaintiffs' Complaint filed in support of Plaintiffs' Motion to Remand.  (Doc. No. 9.)

**EDCV 11-01235 VAP (SPx)**
**RANDY ALLEN, et al. v. CITY OF YUCAIPA, et al.**
**MINUTE ORDER of October 6, 2011**

on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Not. of Removal (Doc. No. 1) at 2.)[2]

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law.  (See Not. of Removal at 3.)  From the face of the Complaint, however, Plaintiffs' only claim is for public nuisance, a California state law action.  See Franchise Tax Bd. v. Constr.

---

[2] On August 3, 2011, the same day they removed this action, Defendants and Robert Schaefer filed a counter-complaint ("Counter-Complaint") naming Plaintiffs and several city employees, and asserting federal statutory violations and violations of the fourth and fifth amendments to the United States Constitution.  (See generally Counter-Compl. (Doc. No. 1).)  Nevertheless, counterclaims are not part of Plaintiffs' complaint and therefore cannot serve as the basis for this jurisdiction under 28 U.S.C. § 1331.  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002); see also Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1276 (2009) (noting "a completely preempted counterclaim remains a counterclaim and thus does not provide a key capable of opening a federal court's door.").  Hence, the Counter-Complaint filed by Defendants and Schafer does not confer jurisdiction here.

**EDCV 11-01235 VAP (SPx)**
**RANDY ALLEN, et al. v. CITY OF YUCAIPA, et al.**
**MINUTE ORDER of October 6, 2011**

<u>Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants Notice of Removal has not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

Defendants have not met their burden of establishing that the case is properly in federal court.  <u>Gaus</u>, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.[3]

**IT IS SO ORDERED.**

---

[3]  As the Court remands the action for lack of jurisdiction, the Court lacks jurisdiction to resolve Plaintiffs' motion to dismiss.  (Doc. No. 5.)